UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| LEAH VANDIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26 CV 44 CDP |
| | ) | |
| FARMERS GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Leah Vandiver brings this action against defendants Farmers Group, Inc., Farmers Insurance Group, and Farmers Insurance Exchange, alleging that defendants discriminated against her in her employment at "Farmers" on account of her disability in violation of the Americans with Disabilities Act (ADA), and retaliated against her for engaging in conduct protected under the ADA. Defendants Farmers Group, Inc. and Farmers Insurance Group move to dismiss Vandiver's claims against them arguing, first, that Farmers Insurance Group is not a legal entity capable of being sued and, second, that Vandiver fails to allege sufficient facts showing that Farmers Group, Inc. was her employer. No motion to dismiss is brought on behalf of the other named defendant, Farmers Insurance Exchange.

Vandiver concedes that Farmers Insurance Group is not a suable entity, so I

will grant the motion to dismiss in that regard. With respect to Farmers Group, Inc., however, I have carefully reviewed Vandiver's complaint and the parties' respective arguments under the appropriate legal standard[1] and, construing all reasonable inferences in favor of Vandiver, I find that the complaint sufficiently alleges that Farmers Group, Inc., was Vandiver's employer. I agree with Vandiver and the Eighth Circuit's reasoning in *Sedlacek v. Hach*, 752 F.2d 333 (8th Cir. 1985), that where there is substantial identity between defendants, an aggrieved party may not have the knowledge "of the ofttimes intricate legal corporate relationships between closely held operating units," *id.* at 336, especially in the early stages of litigation. While defendant Farmers Group, Inc., argues that a plaintiff may not allege a claim collectively against several legally distinct defendants, there is nothing in Vandiver's complaint demonstrating that Farmers Group, Inc., and Farmers Insurance Exchange are legally distinct.

[1] The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Farmers Insurance Group and Farmers Group, Inc.'s Motion to Dismiss [19] is **GRANTED** to the extent it seeks to dismiss Farmers Insurance Group as a defendant in this action, and Farmers Insurance Group only is **DISMISSED with prejudice**. In all other respects, the motion is **DENIED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2026.